The document below is hereby signed.

Signed: August 9, 2020



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| DEBORAH A. ROBINSON, | ) | Case No. 19-00803 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND
ORDER DISMISSING DKT. NO. 75 TO THE EXTENT IT SOUGHT
RELIEF FROM THE ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

The debtor's filing of June 22, 2020, titled *Debtor's Objection to Motion to Dismiss and Acceptance of Amende/Modified Plan and Reinstatement of Automatic Stay as to the Property Known as 336 Adams Street, NE, Unit D, Washington, DC 20002* (Dkt. No. 75) states that the automatic stay should be reinstated. It could be viewed as seeking relief from an order entered on May 13, 2020 (Dkt. No. 66) granting the motion for relief from the automatic stay (Dkt. No. 46) filed by National Cooperative Bank, N.A., f/k/a NCB Savings Bank, FSB to permit it to foreclose on the debtor's property at 336 Adams Street, NE, Unit D, Washington, D.C. However, because the filing's title did not refer to the filing as a motion, and the filing was not

accompanied by a proposed order, it was not cast as a motion giving clear notice to National Cooperative Bank and the court that the debtor was seeking an order granting relief from the lift-stay order.[1]  It would not be appropriate to treat the filing as a procedurally proper motion.

Moreover, even if the debtor's filing could be treated as a motion, it was filed 40 days after entry of the lift-stay order and may have failed to set forth adequate grounds under Fed. R. Civ. P. 60(b) for relief from the lift-stay order.  The debtor could have opposed the motion for relief from the automatic stay on the basis that she would sell the property (which has substantial equity) and pay the creditor in full.  She failed to do so.  The debtor's plans have called for maintaining postpetition mortgage payments and the failure to maintain such payments was a proper ground for granting stay relief in the absence of any opposition to the lift-stay motion.  Moreover, if the creditor has taken steps to start the foreclosure process, the debtor's filing may not have been filed within a reasonable time.

Although an imminent sale (sufficient to pay off the creditor) might be a basis for injunctive relief (independent of the automatic stay) to enjoin a foreclosure sale, Fed. R. Bankr.

---

[1]  The Clerk did not transmit the filing to me as a motion and I only today reviewed the filing and saw that it might have been seeking relief from the lift-stay order.

P. 7001 would require that an adversary proceeding complaint be filed in order to obtain such injunctive relief.

It is

ORDERED that to the extent that the *Debtor's Objection to Motion to Dismiss and Acceptance of Amende/Modified Plan and Reinstatement of Automatic Stay as to the Property Known as 336 Adams Street, NE, Unit D, Washington, DC 20002* (Dkt. No. 75) could be viewed as seeking relief from an order entered on May 13, 2020 (Dkt. No. 66) granting a motion for relief from the automatic stay (Dkt. No. 46), the request for relief from the order granting relief from that order is dismissed for failing adequately to cast the request as a motion, without adjudicating whether relief from the order granting stay relief would be appropriate pursuant to a motion properly cast as a motion.

[Signed and dated above.]

Copies to: Debtor; Chapter 13 Trustee; e-recipients.